IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON G. MALLERY,
#11000818,
    Plaintiff,

vs.                                  Case No.: 3:12cv124/MCR/EMT

BRYAN D. McLEOD et al.,
    Defendants.

## REPORT AND RECOMMENDATION

       This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1).  Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (docs. 2 & 5).  Upon review of Plaintiff's complaint, the court concludes that this case should be dismissed because Plaintiff has not stated and cannot state a plausible § 1983 claim against Defendants.

BACKGROUND AND PROCEDURAL HISTORY

       At the time he filed this case,[1] Plaintiff was a pretrial detainee confined at the Santa Rosa County Jail awaiting trial on drug charges in three separate cases pending before the Circuit Court for Santa Rosa County, Florida.   He has since been convicted on all charges,[2] and is now in the custody of the Florida Department of Corrections, housed at Holmes Correctional Institution (*see* doc. 9). Plaintiff's complaint names four Defendants:  Bryan D. McLeod, Plaintiff's court-appointed counsel in the criminal proceedings; Michelle S. Janson, the Assistant State Attorney prosecuting

---

[1] Plaintiff also filed case 3:12cv126/MCR/CJK, which was dismissed on June 23, 2012.

[2] *See http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=274954209*

Plaintiff ("Prosecutor Janson"); Judge David Rimmer, the Circuit Court Judge presiding over his cases; and Clerk of Court Mary M. Johnson (doc. 1 at 1). In summary, Plaintiff contends that these Defendants violated his constitutional rights during the course of the criminal proceedings against him. Plaintiff claims Defendant McCleod provided inadequate legal representation in Plaintiff's criminal cases, specifically by failing to seek bond hearings and by lying to him about other matters relating to his case.[3] Plaintiff also complains that McCleod is a former prosecutor with virtually no criminal defense experience who has a close relationship with Judge Rimmer and Prosecutor Janson, and he asserts that together the three Defendants "conspired" to deny him bond. Judge Rimmer is alleged to have violated Plaintiff's rights initially by imposing a bond that was well in excess of that assessed by the arresting officers, and then ultimately revoking Plaintiff's bond. Prosecutor Janson allegedly has a "cruel and unusual" policy of requesting that individuals who violate their bond not be granted another bond, regardless of how long the person must remain incarcerated until trial. The clerk of court, Mary Johnson, purportedly has an unconstitutional policy of not allowing pro se filings from individuals who are represented by counsel, which policy Plaintiff contends has interfered with his ability to be released on bond in his cases. Plaintiff blames Defendants for the fact that, as a result of his incarceration, he has been unable to take advantage of Pell grants and academic scholarships he earned, and that his relationship with his state co-defendant and former girlfriend deteriorated to the point that she now has a new boyfriend (*see* doc. 1 at 12, 14, 16, 18).

Plaintiff's request for relief, in which he seeks both monetary damages and injunctive relief, is set forth on two full handwritten pages. Among other relief, he seeks the following: reimposition of the original bond on all charges; that all Defendants be required to pay for retained counsel of Plaintiff's choice and if he cannot retain counsel, an order directing that his appointed attorney Defendant McLeod be required to pay the bond; an order directing clerk of court Mary Johnson to accept pro se motions for bond or bond hearings by represented inmates; assignment of a different judge and prosecutor to his criminal cases, and if this is not possible an order requiring that Judge Rimmer not sentence Plaintiff "excessively," cruelly" or "unusually," in retaliation for his having filed this complaint, and a similar order directing prosecutor Janson not to "raise the plea bargain"

---

[3] Plaintiff also indicates that he has contacted the Florida Bar about his concerns (doc. 1 at 15).

Case No.: 3:12cv124/MCR/EMT

in retaliation for his having filed the complaint; that Defendant McLeod and Prosecutor Janson be suspended from the practice of law; that Plaintiff, upon accepting a plea bargain in this case, be released for a period of thirty days to allow him to secure his personal belongings; and that Defendants pay him damages in the amount of $200 per day for the time he has spent in custody with no bond, inasmuch as this "forced" and premature incarceration has interfered with his educational plans.

## DISCUSSION

Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the

complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

The criminal proceedings against Plaintiff have concluded, and he is now in custody of the Department of Corrections. The status of an appeal or any post-conviction proceedings is not apparent. Even if this were not the case, insofar as Plaintiff seeks an order that would affect the ongoing state proceeding in his case, his complaint is subject to dismissal because the Younger abstention doctrine bars this Court from considering Plaintiff's claims for injunctive relief. The Supreme Court held in Younger v. Harris, 401 U.S. 37 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See* Samuels v. Mackell, 401 U.S. 66 (1971); Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54).

Plaintiff's allegations do not establish, or support an inference, that Plaintiff's prosecution is motivated by bad faith. *See* Trainor v. Hernandez, 431 U.S. 434, 447 (1977); Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate."). Likewise, Plaintiff has failed to show that the "irreparable injury" exception applies. *See* Younger, 401 U.S. at 53–54 (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (citing Watson v. Buck, 313 U.S. 387, 402 (1941)); Kugler v. Helfant, 421 U.S. 117, 123–25 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing

Younger, 401 U.S. at 46). Moreover, Plaintiff has an adequate state forum in which to raise his claims. Plaintiff may raise his constitutional claims in his state criminal proceedings, at this juncture either on direct appeal or by means of a collateral challenge. Thus, because it appears from the face of Plaintiff's complaint that the Younger abstention doctrine bars this Court from interfering in the state court proceedings, any claims for injunctive relief (e.g., that Plaintiff be granted bond, that this court assign substitute counsel, that this court assign Plaintiff a different state court judge and prosecutor) be dismissed.

Plaintiff's damages claims are subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff essentially asserts that he is being illegally confined by the State. In Heck, the Supreme Court ruled that a state prisoner cannot bring a § 1983 damages action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486–87. Later, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id*. at 648. Heck applies to suits filed by pretrial detainees, which was Plaintiff's status at the time he brought this case. *See* Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004) (holding that Heck "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution."); Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996) ("[A] claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983.") Here, Plaintiff's damages claims, if successful, would necessarily imply the invalidity of his convictions on the drug charges against him. Plaintiff's confinement has not been remedied by any of the procedures listed in Heck. Plaintiff's damages claims are therefore not cognizable under § 1983, and should be dismissed.

Plaintiff's damages claims against Attorney McLeod may be dismissed on the alternative basis that McLeod was not acting under color of state law when he allegedly engaged in unconstitutional conduct during his representation of Plaintiff. *See* Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986) (holding that one of the essential elements of a § 1983 claim is that the conduct complained of was committed by a

person acting under color of state law); Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public defender [or appointed private counsel] does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Tower v. Glover, 467 U.S. 914, 920 (1984) (court-appointed criminal defense counsel does not act under color of state law absent a conspiracy). Plaintiff's conclusory allegations of Defendant's "conspiracy" to deny him bond would not overcome McLeod's immunity.

Similarly, Plaintiff's damages claims against Prosecutor Janson are subject to dismissal on the alternative basis of prosecutorial immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (holding that a prosecutor is absolutely immune from damages claims for allegedly unconstitutional actions performed within the scope of her role as a government advocate); Rehberg v. Paulk, 611 F.3d 828 (11th Cir. 2010); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004).

Finally, Judge Rimmer, who was acting in his judicial capacity at the time of the events in question, is also immune from a suit for damages. *See* Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27 (1985)); Dennis v. Sparks, 449 U.S. 24, 27 (1980); *see also* Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Whether a judge's actions were taken while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Sibley, 37 F.3d at 1070. "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (*quoting* Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)); Mireles, 502 U.S. at 11 (judicial immunity not overcome by allegations of bad faith or malice). Furthermore, the immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Sibley, 437 F.3d at 1070. Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)); Mireles, 502

U.S. at 11; Forrester v. White, 484 U.S. 219, 227 (1988); Dykes, 776 F.2d at 948 (judge who has subject matter jurisdiction, but no personal jurisdiction retains immunity) (citing cases in accord). No such allegations are present here.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile; therefore, the Court may dismiss this case without providing opportunity for amendment.

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 1st day of August 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**